UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN GREENWOOD,

                                  Plaintiff,

v.                                                             Civil Action No. _____

GC SERVICES LIMITED PARTNERSHIP,

                                  Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Brain Greenwood is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services Limited Partnership, (hereinafter "GC") is a foreign limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan debt to United Student Aid Funds. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That Plaintiff's wages were subsequently garnished.

13. That upon information and belief Defendant GC was employed by United Student Aid Funds to collect on the subject debt.

14. That in or about April of 2008, Defendant began calling Plaintiff at his place of employment and on his cellular telephone in an attempt to collect on the subject debt.

15. That during the first of the aforementioned telephone calls Plaintiff spoke with an employee of Defendant who identified herself as "Tonya." Tonya failed to identify herself as a debt collector or that information obtained would be used for debt collection purposes. Tonya demanded payment of the subject debt. Plaintiff refused to pay, stating the subject debt was being paid through the garnishment, and asked to speak with a supervisor.

16. That Plaintiff Greenwood was thereafter transferred. Plaintiff inquired why the subject debt had been placed back into collections when garnishment was taking place. Defendant stated that Plaintiff still needed to make a payment on the subject debt. Defendant stated that Plaintiff must make payment on the subject debt with postdated checks. Plaintiff stated he could not pay using said method because he did have a bank account and was unable to obtain one. Defendant stated the only way Defendant would accept payment other than postdated checks was if Plaintiff went to two banks and was denied checking accounts. Plaintiff refused and Defendant stated that they would continue the garnishment if Plaintiff did not agree to Defendant's terms.

17. That in or about May of 2008, Defendant called Plaintiff at his place of employment. Plaintiff stated he was unable to accept such telephone calls at his place of employment and directed Defendant to only call his cellular telephone in the future.

18. That despite said instructions Defendant GC continued to call Plaintiff at his place of employment.

19. That in or about June of 2008, Defendant called Plaintiff on his cellular telephone and left a message stating, "This message is for you Brian. I have been leaving messages for you to return my phone call. If you don't want me calling, I am just going to put a garnishment to take the pay back on your check every two weeks. If you want to try to change it, which I doubt you can…Return my call."

20. That as a result of Defendant's acts Plaintiff Brain Greenwood became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(3) and 15 U.S.C. §1692d by calling Plaintiff's place of employment after being notified his employer prohibits such calls.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hear when stating the only way Defendant would accept payment other than postdated checks was if Plaintiff went to two banks and was denied checking accounts and by leaving a message stating, "If you don't want me calling, I am just going to put a garnishment to take the pay back on your check every two weeks.  If you want to try to change it, which I doubt you can…Return my call."

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephones to ring with the intent to annoy, abuse and harass.

    D. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10) by falsely stating additional payment on the subject debt is required and by stating the only way Defendant would accept payment other than postdated checks was if Plaintiff went to two banks and was denied checking accounts.

    E. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose a Defendant is a debt collector and any information obtained will be used for debt collection purposes in the initial communication with Plaintiff.

    F. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(4) by implying that they could add an additional garnishment against Plaintiff's paycheck.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Brain Greenwood became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Brain Greenwood demands trial by jury in this action.

Dated: January 23, 2009

                                               /s/Kenneth R. Hiller, Esq.
                                               Kenneth R. Hiller, Esq.
                                               Amanda R. Jordan, Esq.
                                               Law Offices of Kenneth Hiller
                                               *Attorneys for the Plaintiff*
                                               6000 North Bailey Ave., Suite 1A
                                               Amherst, NY 14226
                                               (716) 564-3288
                                               Email: khiller@kennethhiller.com
                                                                 ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Brain Greenwood affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 23, 2009                                      /s/Brian Greenwood_
                                                             Brain Greenwood